IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| ALVIN MCKNIGHT, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | 2:11-CV-251 |
| § | |
| RICK THALER, § | |
| Director, Texas Dep't of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

### REPORT AND RECOMMENDATION TO DISMISS OR, IN THE ALTERNATIVE, DENY HABEAS CORPUS PETITION

Petitioner ALVIN MCKNIGHT has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging the Parole Board's refusal to release petitioner on parole. Petitioner is currently incarcerated for a 1987 murder conviction and resultant ninety-nine-year sentence.[1] For the reasons hereinafter expressed, the United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DISMISSED or, in the alternative, DENIED.

I.
PLEADINGS BEFORE THE COURT

The Court received McKnight's original habeas corpus petition on October 21, 2011. The petition was neither signed nor dated (the date line had written on it "   /   /2011"). The brief and application to proceed *in forma pauperis* (ifp) submitted in conjunction with the petition were likewise not signed or dated. In response, the Court issued an Order to Show Cause explaining the

---

[1] Petitioner does not indicate the sentence handed down in his case, the Texas Department of Offenders Online Database, however, indicates petitioner was sentenced to ninety-nine years of incarceration.

deficiencies with the pleadings. In the Order to Show Cause, the Court ordered the Clerk of the Court to send petitioner a copy of the habeas corpus petition and ifp application and directed petitioner to either return both documents signed or to explain why these proceedings should continue with unsigned pleadings. The Court warned petitioner, in the order, that his failure to comply with the order could result in immediate dismissal of the case. On November 15, 2011, the Court received petitioner's response to the Order to Show Cause. Petitioner sent back to the Court a copy of pages one through seven of the nine-page-long habeas corpus petition (the signature block appearing on page nine of the form) and a signed and dated ifp application. The Court has yet to receive a signed habeas corpus pleading.

An application for a writ of habeas corpus must be signed by the petitioner or by his attorney, if he has one. 28 U.S.C. § 2242. Federal law provides in pertinent part that an "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." *Id.* At least two federal rules impose similar requirements. *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented."); Rule 2(c)(5), Rules Governing Section 2254 Cases (requiring habeas petition to "be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner."). Petitioner's failure to comply with these rules warrants dismissal of this case.

Additionally, a district court has authority to dismiss a case for failure to comply with a court order. Fed. R. Civ. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). Petitioner's failure to comply with the clear-cut, basic order of the Court could also provide justification for dismissal of this case.

II.
THE MERITS OF PETITIONER'S CLAIMS

Imputing petitioner's signed ifp application, returned in conjunction with a portion of the completed habeas corpus form, to the habeas corpus petition as a statement that the allegations in the petition are true and correct, petitioner has still failed to present a meritorious claim. In his grounds of error, petitioner contends (1) the Parole Board violated Texas State laws, specifically "Senate Bill 909," by failing to issue a written statement explaining why it declined to release petitioner on parole; (2) the Parole Board's failure to follow Senate Bill 909 is a violation of the Due Process Clause and the Ex Post Facto Clause; and (3) the Parole Board has failed to follow the parole laws in effect at the time petitioner was sentenced.

As an initial matter, petitioner does not state the dates of the offensive conduct by the Parole Board. *See* 28 U.S.C. § 2244(d) (establishing a one-year statute of limitations applicable to all habeas corpus claims). That aside, petitioner was apparently denied parole at some point in time. In his habeas corpus petition, petitioner indicates he attempted to "appeal the finding of guilty" through the Texas Department of Criminal Justice (TDCJ) grievance procedure. (Petition for a Writ of Habeas Corpus by a Person in State Custody, doc. 6, filed Nov. 15, 2011, pg. 5); *see* 28 U.S.C. § 2254(b) (requiring exhaustion at the state level of all claims presented in a federal habeas corpus petition). Petitioner indicates his Step 1 Grievance was filed on October 10, 2011 and denied the same day. He indicates his Step 2 Grievance was also denied on October 10, 2011. *Id.* In another (unsigned) filing, however, petitioner states the TDCJ Grievance Coordinator refused to accept any grievance regarding parole matters per TDCJ policy. (Memorandum in Support of Habeas Corpus Petition, "Regard the Exhaustion of Remedies," doc. 3, filed Oct. 21, 2011, pg. 8).

Apart from the issues of timeliness and exhaustion, the issues presented in the petition are not cognizable. Federal habeas corpus relief is possible only upon violation of a petitioner's federal constitutional rights. A federal court may issue a writ of habeas corpus only to someone who seeks to invalidate the duration of his confinement "either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson v. Dotson*, 544 U.S. 74, 81, 125 S.Ct. 1242, 1247, 161 L.Ed.2d 253 (2005).

A prisoner does not have a federal constitutional right to parole. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979). Likewise, a Texas prisoner does not have a state-created constitutional right to parole. *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995).; 37 Tex. Admin. Code § 145.3(1) ("Release to parole is a privilege, not an offender right, and the parole decision maker is vested with complete discretion to grant, or to deny parole release."). Because Texas inmates have no protected liberty interest in parole, they cannot have a liberty interest in parole consideration or other aspects of parole procedures. *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997) (stating Texas prisoners cannot challenge any state parole review procedure on procedural or substantive due process grounds); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995) (because a prisoner has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions).

Petitioner complains of what he perceives to be the Parole Board's failure to follow controlling law by failing to issue a written statement in support of its decision to deny petitioner release to parole. Petitioner does not have a federal or state-created liberty interest in parole. *See Greenholtz*, 442 U.S. at 7, 99 S.Ct. at 2104. Because petitioner has no liberty interest in obtaining

parole in Texas, he has no claim for violation of due process in the procedures attendant to decisions of the Parole Board in his case. *See Allison*, 66 F.3d at 74; *Orellana*, 65 F.3d at 31-32. Petitioner's claim that the Parole Board has violated the Due Process Clause is not cognizable.

Petitioner additionally claims the Parole Board violated the *Ex Post Facto* Clause by failing to apply the law in effect at the time petitioner was sentenced[2] and thereby failing to issue a written statement explaining why it denied petitioner release to parole. Although there is no constitutionally protected liberty interest in parole in Texas, an *Ex Post Facto* challenge, unlike a Due Process challenge, does not turn on the existence of a liberty interest. *See Orellana*, 65 F.3d at 32. "One function of the *Ex Post Facto* Clause is to bar enactments which, by retroactive operation, increase the punishment for a crime after its commission." *Garner v. Jones*, 529 U.S. 244, 249, 120 S.Ct. 1362, 1367, 146 L.Ed.2d 236 (2000). Therefore, retroactive changes in parole laws may, in some cases, violate the *Ex Post Facto* Clause of the Constitution. *Id.* at 250, 120 S.Ct. at 1367. The proper inquiry in a parole-denial challenge is whether the retroactive change in law creates "a sufficient risk of increasing the measure of punishment attached to the covered crimes." *Id.*, 120 S.Ct. at 1367 (internal quotation marks and citation omitted).

Petitioner complains of the Parole Board's failure to properly explain its parole denial determinations. Assuming, *argeundo*, that there is any validity to facts underlying petitioner's assertion, there is no *Ex Post Facto* Clause violation. Petitioner has failed to show how the Parole Board's actions retroactively alter the definition of a crime or increase petitioner's punishment. *See Id.*, 120 S.Ct. at 1367; *Collins*, 497 U.S. at 43, 110 S.Ct. at 2719.

---

[2] Petitioner contends the Parole Board's decisions should be based upon law in effect at the time petitioner was sentenced. The Court notes, however, the relevant time for *Ex Post Facto* Clause analysis is not the time of sentencing, but rather the time of the commission of the crime. *Collins v. Youngblood*, 497 U.S. 37, 42, 110 S.Ct. 2715, 2719, 111 L.Ed.2d 30 (1990)

Finally, the relief petitioner seeks in this case is for the Court to "order a legall (sic) held and a constitutionally correct parole interview, and parole process regarding the parole release eligibility of the pro se petitioner" and an "immediate parole process interview." (Memorandum in Support of Habeas Corpus Petition, doc. 3, pg. 5). This requested relief does not fall within the purpose of federal habeas corpus relief because it does not concern invalidation of the duration of petitioner's confinement. *See Wilkinson*, 544 U.S. at 81, 125 S.Ct. at 1247. Even if the Court were to grant petitioner the relief he seeks, such an order would not directly or indirectly impact the petitioner's confinement, as there is nothing in such an order touching upon the actual length of petitioner's confinement. *See id.*, 125 S.Ct. at 1247.

### III. RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner ALVIN MCKNIGHT be DISMISSED for failure to comply with federal and local pleading requirements, or, in the alternative, DENIED.

### IV. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 29th day of December, 2011.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).